UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANESSA FRICKEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2212** |
| **RYAN NELSON, ET AL** | **SECTION I** |

### ORDER AND REASONS

*Pro se* plaintiff Vanessa Frickey ("plaintiff") filed this action against various government agencies and officers at the federal, state and local levels. Before the Court is plaintiff's motion[1] for leave to proceed in forma pauperis ("IFP"). Because the Court finds that dismissal of the complaint is warranted on account of its frivolous nature, the Court denies the motion as moot.

### I. BACKGROUND

This case is the second brought by plaintiff before this Court. In the previous case, plaintiff brought suit against Tangipahoa Parish pursuant to 28 U.S.C. § 1964, which provides civil remedies for violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute.[2] Prior to issuance of summons, plaintiff filed a motion "to completely close out th[at] case and to refile the final documents associated with th[at] case into a new case entirely."[3] The Court granted the motion and dismissed the case without prejudice.[4] However, after the Court issued its order

---

[1] R. Doc. No. 2.
[2] E.D. La. Case No. 24-cv-1810, R. Doc. No. 1.
[3] E.D. La. Case No. 24-cv-1810, R. Doc. No. 5, at 2.
[4] E.D. La. Case No. 24-cv-1810, R. Doc. No. 9.

dismissing the case, plaintiff filed a motion[5] to recuse the undersigned, who was presiding over plaintiff's case. Plaintiff argued that the undersigned must have a bias against plaintiff because I should have known or did know about difficulties plaintiff was encountering in filing her *pro se* complaint.[6] The Court found no basis for recusal and denied the motion.[7]

Plaintiff then initiated the instant action. Plaintiff's complaint[8] alleges a vast conspiracy by rogue government departments, agencies and actors in the federal, Louisiana state, and local governments. Plaintiff also names several private parties. In all, plaintiff sues about 50 entities, including the undersigned. Her complaint encompasses 433 pages.

Having reviewed the complaint, the Court gleans that plaintiff states two statutory causes of action. She primarily seeks redress pursuant to 28 U.S.C. § 1964 for "ongoing RICO violations committed by numerous entities and individuals engaged in the affairs of the 'Enterprise', clearly distinguishable as the United States of America, as being operated currently under the leadership of criminals, through a systematic pattern of racketeering activity."[9] Plaintiff also seems to bring an action pursuant to 42 U.S.C. § 1983 "for violations of constitutional rights taken in

---

[5] E.D. La Case No. 24-cv-1810, R. Doc. No. 10.
[6] *See, e.g.*, *id*. at 51.
[7] E.D. La Case No. 24-cv-1810, R. Doc. No. 11.
[8] R. Doc. No. 1.
[9] *Id*. at 2.

conspiracy between multiple attorneys, government officials, and entities whose criminal acts were also violations of the plaintiff's Constitutional Rights."[10]

Throughout her complaint, plaintiff alleges that the "Enterprise" engages in a bevy of unconstitutional or criminal activity. The Court need only cite several examples of plaintiff's allegations, for they are all of a kind.

Plaintiff asserts that the Enterprise is engaged in "trafficking the children of Americans under the guise of custody cases in family courts," including her own children.[11] Plaintiff alleges that she has been a focus of the Enterprise. Specifically, she asserts that "every aspect of her life [and that of her family] has been targeted through cyberattacks by varying enterprise associates, through interference with her healthcare and health insurance, by obstruction of her earning potential and all potential businesses or earning opportunities, and via other modes and tactics used by the enterprise to destroy her quality of life."[12] One example of an act of retaliation taken against her by the Enterprise is "a blast wave of an invisible 'explosion'" while she was in the parking lot of a mall.[13] She points out that, "[i]nterestingly, the explosion injury (alleged energy weapon) occurred at the same time Vanessa Frickey was really pushing her creative abilities to bring particularly important messages to the American People in a form raw and emotional way that is universally understood by anyone who has ever suffered (art), and who has not?"[14]

---

[10] *Id.*
[11] *Id.* at 3.
[12] *Id.* at 3–4.
[13] *Id.* at 118.
[14] *Id.* at 131.

In addition to allegations of conspiracy, plaintiff occasionally opines on matters of policy and provides political commentary. For example, plaintiff "feels as if the New Green Deal will obliterate all classes aside from two: the insanely wealthy and the insanely poor, which will occur quickly if not abandoned quickly."[15]

Accompanying her *pro se* complaint is plaintiff's motion[16] for leave to proceed ("IFP"). Since this action is sufficiently related to plaintiff's previous suit, it was ordered transferred to this section from another section of this Court.[17]

## II. STANDARD OF LAW

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, this statute also authorizes federal courts to dismiss an IFP proceeding if it determines that the action is "frivolous or malicious." § 1915(e)(2)(B)(i).[18] "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("The district court may dismiss an in forma pauperis proceeding

---

[15] *Id.* at 260.
[16] R. Doc. No. 2.
[17] R. Doc. No. 3.
[18] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." § 1915(e)(2)(B)(i).

4

'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990)).

An IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Thus frivolousness, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Examples of the latter are "claims describing fantastic or delusional scenarios." *Id.* at 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. ANALYSIS

#### a. Recusal

Prior to addressing whether plaintiff's case should be dismissed pursuant to § 1915(e)(2)(B)(i), the Court first considers whether this Court is disqualified on the ground that the undersigned has been named as a defendant. The Court concludes that disqualification is inappropriate.

"A federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Sensley v. Albritton*, 385 F.3d 591, 598–99 (5th Cir. 2004) (internal quotations and citation omitted). Most relevant for present purposes, 28 U.S.C. § 455(b)(5)(i) provides that a judge shall disqualify himself when he is a "party to the proceeding." However, "[j]udges are not required to recuse just because they have been or are involved in litigation with a party."

*Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011); *see also Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993) ("[A] judge is not disqualified merely because a litigant sues or threatens suit."). "Otherwise, parties could control which judges hear their case by filing lawsuits against all judges of whom they disapproved." *O'Dwyer*, 451 F. App'x at 329. Therefore, "[c]ourts should take special care in reviewing recusal claims so as to prevent parties from abus[ing] § 455 for a dilatory and litigious purpose based on little or no substantiated basis." *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (internal quotations and citation omitted); *see also O'Dwyer*, 451 F. App'x at 329 ("Courts must take care to ensure that motions for recusal are not abused as a litigation tactic.").

Recusal is inappropriate in this instance because it would permit abuse of the recusal process for litigious advantage. This Court has already ruled that plaintiff's contentions that this Court is biased or partial are meritless.[19] Unsatisfied, plaintiff has named the undersigned in this complaint without a factual basis and ostensibly to influence the assignment of her case. Indeed, plaintiff's purpose is clear from her own words, as she explicitly "requests that Judge Lance Africk and Judge Brandon Long be removed from the available selection pool for judges on this matter."[20]

Since the Court finds that it was named in the complaint in an effort to force recusal, recusal is not warranted. *Cf. Matter of Hipp, Inc.*, 5 F.3d at 116–17 (affirming the district court's decision to not recuse because it found no evidence contrary to the

---

[19] E.D. La. Case No. 24-cv-1810, R. Doc. No. 11.
[20] R. Doc. No. 1, at 5–6.

6

district court's finding that the litigant filed a lawsuit against the judge to gain his recusal).

### b. Frivolousness

The Court also concludes that dismissal of plaintiff's complaint is warranted. Upon review of the complaint, the Court finds that plaintiff's "assertion of a vast conspiracy by all levels of the state government and federal government [is] manifestly frivolous because the factual allegations [are] fanciful, irrational, incredible, and delusional." *See Simmons v. Payne*, 170 F. App'x 906, 907 (5th Cir. 2006). Dismissal is warranted because plaintiff's factual contentions about government plots and intergovernmental collusion are "clearly baseless." *Neitzke*, 490 U.S. at 327; *cf. Chi v. Doe No. 1*, 600 F. App'x 258, 259 (5th Cir. 2015) ("Chi's assertion that diverse defendants, who spanned federal and state governments and included doctors and staff at two private hospitals, the FBI, and a psychologist employed by the FCI, conspired to inject him with lethal chemicals using a remote device is incredible and delusional. Thus, the district court did not err when it dismissed Chi's complaint as frivolous for lacking a basis in fact."); *Phillips v. F.B.I.*, 548 F. App'x 259–60 (5th Cir. 2013) (describing allegations of a wide-ranging UPS conspiracy as "frivolous"); *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) ("The district court did not abuse its discretion in adopting a magistrate judge's finding that Kolocotronis' allegations, which describe a government plot to spread the AIDS virus throughout the world, were 'fantastic' and 'delusional' and therefore frivolous.").

Since the Court concludes that dismissal is warranted, the Court need not decide whether the motion for leave to proceed IFP should be granted. Accordingly, the motion must be denied as moot.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED** as moot.

New Orleans, Louisiana, September 25, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**