UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANESSA FRICKEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2212** |
| **RYAN NELSON, ET AL** | **SECTION I** |

## ORDER AND REASONS

Before the Court is the motion[1] by *pro se* plaintiff Vanessa Frickey ("plaintiff") for leave to proceed in forma pauperis ("IFP") on appeal. For the following reasons, the Court denies the motion.

## I. FACTUAL BACKGROUND

This case is the second filed by plaintiff before this Court. In the previous case, plaintiff filed suit against Tangipahoa Parish pursuant to 28 U.S.C. § 1964, which provides civil remedies for violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute.[2] Prior to issuance of summons, plaintiff filed a motion "to completely close out th[at] case and to refile the final documents associated with th[at] case into a new case entirely."[3] The Court granted the motion and dismissed the case without prejudice.[4]

Plaintiff then initiated the instant action. Plaintiff's complaint[5] alleges a vast RICO conspiracy by rogue government departments, agencies and actors in the

---

[1] R. Doc. No. 7.
[2] E.D. La. Case No. 24-cv-1810, R. Doc. No. 1.
[3] E.D. La. Case No. 24-cv-1810, R. Doc. No. 5, at 2.
[4] E.D. La. Case No. 24-cv-1810, R. Doc. No. 9.
[5] R. Doc. No. 1.

1

federal, Louisiana state, and local governments. Plaintiff also names several private parties. In all, plaintiff sues about 50 entities, including the undersigned.[6] Her complaint encompasses 433 pages. Throughout her complaint, plaintiff alleges that an "Enterprise" engages in a bevy of unconstitutional or criminal activity. Accompanying plaintiff's *pro se* complaint was her motion[7] for leave to proceed IFP.

The Court then *sua sponte* issued an order[8] dismissing plaintiff's complaint with prejudice on account of frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[9] Plaintiff then filed a notice[10] of appeal, accompanied by the instant motion[11] for leave to proceed IFP on appeal.

## II. ANALYSIS

A party may not proceed IFP on appeal if the appeal is "not taken in good faith." *Id.* 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if . . . it is not taken in good faith."). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotations omitted). A nonfrivolous issue "involves legal points arguable on their merits." *Id.* (quotations omitted). The Court has already

---

[6] Prior to dismissing plaintiff's complaint, the Court considered whether recusal was necessary and concluded that recusal would have been inappropriate because it would have permitted abuse of the recusal process for litigious advantage. R. Doc. No. 4, at 5–7.
[7] R. Doc. No. 2.
[8] R. Doc. No. 4.
[9] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." § 1915(e)(2)(B)(i).
[10] R. Doc. No. 6.
[11] R. Doc. No. 7.

found that plaintiff has not raised any nonfrivolous legal issues in her complaint because it lacks an arguable basis in either fact or law.[12] Accordingly, plaintiff's appeal does not raise any nonfrivolous issues and therefore is not taken in good faith.

Plaintiff also argues that she should be granted leave to proceed IFP on appeal because the court disregarded procedural safeguards such as notice or opportunity to amend. However, the Fifth Circuit has stated that *sua sponte* dismissals pursuant to § 1915(e)(2)(B)(i) are warranted "where amendment is futile because the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Meeks v. DeBouse*, No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) (per curiam). Because the Court found the facts alleged in plaintiff's complaint are fantastic and delusional,[13] *sua sponte* dismissal was appropriate. Accordingly, there is no procedural issue that warrants granting the instant motion.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for leave to proceed IFP on appeal is **DENIED** because plaintiff's appeal has not been taken in good faith.

New Orleans, Louisiana, October 31, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. No. 4, at 5, 7.
[13] *Id.* at 7.